UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paris Da'Jon Allen, | Case No. 24-CV-3213 (JRT/ECW) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| State of Minnesota, | |
| Respondent. | |

Petitioner Paris Da'Jon Allen pleaded guilty in 2002 to one count of third-degree criminal sexual conduct in Minnesota state court. *See State v. Allen*, No. 27-CR-02-20493 (Minn. Dist. Ct.). Now, 22 years later, Allen has filed a petition for a writ of habeas corpus challenging the legality of that conviction and subsequent 36-month term of imprisonment. The habeas petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As a result of that review, this Court concludes that the petition should be summarily denied and this action dismissed.

The federal habeas corpus statute, 28 U.S.C. § 2241, permits a federal court to issue writs of habeas corpus only where the person seeking habeas relief is "in custody." *See* 28 U.S.C. § 2241(c)(3). This is because "[a] habeas petition is a request for freedom from custody," *Filiatrault v. United States*, No. 24-CV-0396 (JMB/DLM), 2024 WL 2116691, at *1 (D. Minn. Apr. 15, 2024), and thus the granting of habeas corpus is meaningless in the absence of a custodial relationship broken by the writ. If the

1

petitioner is not in custody, then the court lacks jurisdiction to entertain the habeas petition. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

"In custody" does not necessarily mean "in prison," and custodial relationships falling short of incarceration can sometimes be sufficient grounds upon which to seek habeas corpus relief; thus, prisoners on parole or supervised release subject to continuing conditions remain "in custody" despite no longer being behind bars. *Id.* at 491 (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)). But not *every* consequence arising from a conviction is sufficient to constitute a custodial relationship. For example, under many sentencing schemes, persons convicted of one offense are subject to greater penalties should they later be convicted of another offense. But the threat of greater punishment in the future resulting from an old conviction does not amount to custody for purposes of § 2241(c). *See id.* at 492.

Allen is no longer in custody as a result of the conviction that he seeks to challenge here. He received a 36-month term of imprisonment; that term long ago expired. Part of that term likely would have been served on conditional release, but that, too, would have ended a long time ago. The traditional hallmarks of custody simply are not present in this case.

In his petition and accompanying memorandum, however, Allen points to two ongoing impairments that, in his view, constitute adequate justification to continue seeking habeas relief. The first is that Allen is required by the State of Minnesota to register as a predatory offender due to his conviction. Although the Eighth Circuit has never answered directly whether post-conviction registration constitutes being "in

custody" for purposes of § 2241(c), many other courts have answered that question—and so far as this Court can tell, those courts have answered unanimously that post-conviction registration requirements do not constitute a custodial relationship.  *See Calhoun v. Attorney General of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014) ("Therefore, we join the circuits uniformly holding that the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition."); *Wilson v. Flaherty*, 689 F.3d 332, 333 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707, 719-20 (7th Cir. 2008) (collecting cases); *Williamson v. Gregoire*, 151 F.3d 1180, 1182-84 (9th Cir. 1998).  The courts of this District have long been included among that chorus.  *See, e.g.*, *Burks v. Minnesota*, No. 17-CV-0539 (SRN/SER), 2017 WL 2389954, at *1-2 (D. Minn. May 15, 2017); *Defoe v. Swanson*, No. 09-CV-2016 (ADM/AJB), 2009 WL 4729935, at *2 (D. Minn. Dec. 3, 2009).  That Allen needs to register as a predatory offender because of his 2002 conviction does not mean that he is "in custody" as a result of that conviction.

      Second, Allen alleges that the sentencing court "imposed various conditions . . . including no contact with the victim."  *See* Pet. Mem. at 2 [Dkt. No. 2].  It is not entirely obvious from the petition that Allen remains subject to any no-contact condition imposed as part of the criminal proceedings.  Even if he were, however, the courts have again been clear: a no-contact order does "not place a 'severe' and 'immediate' restraint" upon the person subject to the order and therefore does not constitute a custodial relationship challengeable through a habeas petition.  *See Holmes v. Satterberg*, 508 F. App'x 660,

661 (9th Cir. 2013) (per curiam) (quoting *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)).

There are almost certainly other problems with Allen's habeas petition, *see, e.g.*, 28 U.S.C. § 2244(d) (setting a one-year limitations period for habeas petitions governed by § 2254), but the absence of a custodial relationship between Allen and the respondent is a jurisdictional defect—the Court lacks the authority to continue any further. Accordingly, it is recommended that the petition be denied and this matter dismissed without prejudice. Allen's motion for an evidentiary hearing [Dkt. No. 5] may be denied as moot should his habeas petition be denied on jurisdictional grounds. Finally, this Court does not believe that the procedural basis upon which dismissal is being recommended is fairly debatable, and it is therefore recommended that no certificate of appealability issue in this matter. *See* 28 U.S.C. § 2253(c).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Paris Da'Jon Allen [Dkt. No. 1] be DENIED.

2. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

3. Allen's motion for an evidentiary hearing [Dkt. No. 5] be DENIED.

4. No certificate of appealability be issued.

Dated: September 13, 2024      *s/Elizabeth Cowan Wright*
                 ELIZABETH COWAN WRIGHT
                 United States Magistrate Judge

### **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).